UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTWON GUEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CV-1933-CDP |
| | ) |
| GENE STUBBLEFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Antwon Guest (registration no. 14452) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $82.33, and an average monthly account balance of $37.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.47, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplements**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Gene Stubblefield (superintendent), Susan Singer (doctor), Ida Wiley (nurse), Renee Tibbs (nurse), E.J. Moss (administrator), and Unknown Dorsey (nurse).

Plaintiff states that he was shot and paralyzed in April 2006. In May 2006, he was transferred from St. Louis University Hospital to SLCJC, where he alleges he developed bed sores and was "treated poorly . . . by Dr. Singer and Nurse Wiley." Specifically, plaintiff alleges that he was treated as if he "wasn't there." He claims that he was not told of the seriousness of his condition, nor was he "flipped every two hours." Plaintiff also claims that Nurse Dorsey treated him cruelly, and that "[t]hese neglections [sic] caused [him] detrimental harm, agonizing pain, several illness[es], mental/physical anguish and great embarrassment." Plaintiff alleges that Dr. Singer did not give him

3

"the proper medications subscribed," and she changed his wounds in a non-sterile area. Nurse Tibbs allegedly used "inappropriate language" and told plaintiff she would not help him treat his bed sores. Plaintiff states that he complained to defendant Moss and filed informal resolution requests, and that there simply was "no care and negligence." In his supplement dated January 7, 2008 [Doc. #7], plaintiff further states that the "neglect is still occurring," and that Nurse Wiley has instructed the nursing staff that plaintiff "do[es] [his] dressing changes by [him]self." He claims that the medical unit is unsanitary.

Having carefully reviewed the complaint and supplements thereto, the Court concludes that this action should be dismissed as legally frivolous. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating defendant Gene Stubblefield was directly involved in or personally responsible for the violation of his constitutional rights.

Moreover, to state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate

4

indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)(inmates have no constitutional right to particular type of treatment). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle v. Gamble, 429 U.S. at 106. Furthermore, disagreement with treatment decisions does not rise to the level of a constitutional violation. Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)(to establish deliberate indifference, plaintiff must show more than even gross negligence). Plaintiff's allegations are insufficient to indicate a deliberate indifference to serious medical needs and, at best, amount to negligence which simply is not cognizable as a constitutional violation.

Accordingly, having carefully reviewed plaintiff's allegations, the Court concludes that this action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $16.47 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the

case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of January, 2008.

_____
**UNITED STATES DISTRICT JUDGE**